IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS MARVIN McKINNEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0141-D |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Curtis Marvin McKinney, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In June 1988, petitioner pled *nolo contendere* to delivery of a controlled substance. The trial court deferred an adjudication of guilt and placed petitioner on probation for a period of 10 years. No appeal was taken at that time. Thereafter, the state filed a motion to proceed with an adjudication of guilt after petitioner was arrested on two counts of assaulting a police officer.[1] At a hearing held on November 20, 1989, the trial court found petitioner guilty of the underlying offense, revoked his probation, and sentenced him to 20 years confinement. Petitioner appealed his conviction and sentence, but later withdrew his appeal. *McKinney v. State*, No. 05-89-01431-CR

---

[1] The state originally filed a motion to proceed with an adjudication of guilt in October 1988 after petitioner failed two drug tests. However, the court decided to modify, rather than revoke, petitioner's probation at that time.

(Tex. App.--Dallas, Jul. 23, 1990). He also filed four different applications for state post-conviction relief. The first two applications were denied without written order. *Ex parte McKinney*, No. 21,946-01 (Tex. Crim. App. May 15, 1991); *Ex parte McKinney*, No. 21,946-02 (Tex. Crim. App. Jul. 14, 1999). The third and fourth applications were dismissed for abuse of the writ. *Ex parte McKinney*, No. 21,946-03 (Tex. Crim. App. Apr. 7, 2004); *Ex parte McKinney*, No. 21,946-04 (Tex. Crim. App. Jun. 29, 2005). Petitioner then filed this action in federal court.

II.

In four grounds for relief, petitioner generally challenges his probation revocation on due process grounds.

By order dated January 27, 2006, the court *sua sponte* questioned whether this cases was barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but has failed to do so.[2] The court now determines that this case is time-barred and should be dismissed.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[2] The envelope containing this order was returned to the court unopened with the notation that petitioner had been paroled. Petitioner has not provided the court with his current address.

>United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA became effective when it was signed into law on April 24, 1996. *See, e.g. Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner pled *nolo contendere* to delivery of a controlled substance. The deferred adjudication order was entered in June 1988 and no appeal was taken at that time. More than a year later, on November 20, 1989, the trial court revoked petitioner's probation, found him guilty of the underlying offense, and sentenced him to 20 years confinement. Petitioner appealed that judgment, but later dismissed his appeal. He also filed four applications for state post-conviction relief. The first application was filed on October 12, 1990 and denied on May 15, 1991. The second application was filed on May 17, 1999 an denied on July 14, 1999. The third application was filed on October

30, 2003 and dismissed on April 7, 2004. The fourth application was filed on November 5, 2004 and dismissed on June 29, 2005. Petitioner filed this action in federal court on January 17, 2006.

The AEDPA statute of limitations started to run on April 24, 1996--the date the statute became effective. *See Flores*, 135 F.3d at 1005. Yet petitioner waited until May 17, 1999, a period of more than *three years*, before filing a second application for state post-conviction relief.[3] Petitioner waited another *four years* after that writ was denied before filing a third application in state court. He did not seek federal habeas relief until January 17, 2006--nearly *ten years* after the effective date of the AEDPA. No explanation has been offered to justify this delay. Consequently, this case should be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] Petitioner's first state writ has no effect on the statutory tolling period because it was filed and disposed of prior to the effective date of the AEDPA.

DATED: February 24, 2006.

                                        JEFF KAPLAN
                                        UNITED STATES MAGISTRATE JUDGE